Thomas Paciorkowski, Esq.
Law Office of Thomas Paciorkowski
102 Lord Avenue
Bayonne, N.J. 07002
tom@paciorkowski.net
(201) 204-2760
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DIN NARAIN,** individually and on behalf of those similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>**HUDSON COUNTY,**<br><br>　　　　　　　　　Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

1.　Pursuant to L. Civ. R. 10.1(a), Plaintiff resides at 2242 John F. Kennedy Blvd., Jersey City, NJ 07304.  Defendant, Hudson County, has its executive office at 583 Newark Ave., Jersey City, NJ 07306.

## JURISDICTION AND VENUE

2.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims in this case arise from the Constitution and laws of the United States.

3.　The District of New Jersey is a proper venue pursuant to 28 U.S.C. § 1391 because the cause of action accrued in this district and the defendant resides in this district.

**INTRODUCTION**

4. This case addresses the routine practice by the Hudson County Sheriff's Office of issuing careless driving tickets without providing any procedural due process notice of the factual basis for the charges before trial.

**STATEMENT OF FACTS**

5. On December 30, 2022, while Mr. Narain was driving with his wife on Kennedy Boulevard in Jersey City at around 8:20 a.m., he was stopped by Hudson County Sheriff's Officer, A. Napolitano.

6. Officer Napolitano told Mr. Narain he stopped him because he was speeding. Mr. Narain denied he was speeding and asked to see the readout from the radar device. Officer Napolitano told Mr. Narain that he didn't use radar. Instead, Officer Napolitano told Mr. Narain that he was able to determine his speed based on his radar training.

7. Instead of issuing Mr. Narain a speeding ticket, Officer Napolitano issued Mr. Narain a ticket for careless driving. At no time during the stop did Officer Napolitano tell Mr. Narain he was driving carelessly.

8. The complaint-summons issued to Mr. Narain had no facts to support the charge of careless driving and merely cited the careless driving statute. The "Notes" section of the ticket was blank.

9. Careless driving under N.J.S.A. 39:4-97 involves operating a vehicle in a careless manner that endangers a person or property.

10. Speeding alone is not careless driving. Baker v. Court of Special Sessions In and For Essex County, 125 N.J.L. 127 (1940).

11. Nor is speeding a lesser included offense of careless driving. State v. Jahn, 121 N.J. Super. 209, 212 (Law Div. 1972).

12. The mere reference to the careless driving statute in the complaint-summons issued to Mr. Narain did not give him adequate due process notice of what he had done to warrant a careless driving ticket, especially since speeding is not careless driving nor is speeding a lesser included offense of careless driving.

13. A person convicted of careless driving can be incarcerated for up to 15 days and fined up to $200 pursuant to N.J.S.A. 39:4-104.

14. Mr. Narain retained current counsel to represent him in Jersey City Municipal Court to defend against the charge of careless driving.

15. In response to a discovery request, the municipal prosecutor produced only the ticket issued to Mr. Narain, a video from the bodycam Officer Napolitano wore during the stop, and nothing else. The prosecutor did not produce any material related to the officer's radar training or any other training that would allow Officer Napolitano to visually determine a vehicle's speed, even though it was requested. Nor did the prosecutor produce a factual basis for the careless driving charge.

### Jersey City Municipal Court on April 4, 2023

16. On April 4, 2023, prior to an appearance the same day before the Jersey City Municipal Court, Plaintiff's counsel and the municipal prosecutor discussed the case. Plaintiff's counsel explained there were no facts in the summons-complaint to support a careless driving charge, and Officer Napolitano told Mr. Narain he stopped him for speeding, not careless driving. Furthermore, the statute of limitations for bringing a speeding charge had passed and the careless driving charge could not be amended to speeding because speeding is not a lesser included offense of careless

driving. And even if the prosecutor could amend the charge to speeding, the prosecutor had not produced any discovery related to Officer Napolitano's speed training.

17. In response, the prosecutor told Plaintiff's counsel that he had requested the training material from the Hudson County Sheriff's Office, but nothing was produced. The prosecutor did not know what the factual basis was for the careless driving charge and agreed that if Officer Napolitano gave Plaintiff a careless driving ticket for speeding, he would dismiss the charge. The prosecutor requested an adjournment so he could speak with Officer Napolitano. Counsel consented to an adjournment and the Municipal Court adjourned the case to June 15, 2023.

### Jersey City Municipal Court on June 15, 2023

18. On June 15, 2023, Plaintiff's counsel and the municipal prosecutor again discussed the case prior to their court appearance in Jersey City Municipal Court. The prosecutor changed his mind about dismissing the careless driving charge. He confirmed he had spoken to Officer Napolitano but refused to reveal any facts to support the careless driving charge.

19. Plaintiff's counsel then made an oral motion in Jersey City Municipal Court to dismiss the charge of careless driving because the summons-complaint contained no facts to support the charge, in violation of both procedural due process and N.J. Ct. R. 7:2-1. The municipal court judge replied:

**COURT**: Are you saying you expect electronic tickets to contain a narrative of sorts because I've never seen that?

**COUNSEL**: It's got to contain some facts, because when I spoke to the prosecutor two months ago, he couldn't even tell me if it was speeding or

something else. The defendant has to be put on notice of what the facts are to support the charge.

**COURT**: Well, I have to disagree with that.

20. The municipal court judge then asked the prosecutor for his position and the prosecutor replied, "Judge that is exactly correct. The defendant was charged with 39:4-97 careless driving. The description is careless driving. That is all that is necessary on a traffic citation."

21. The municipal court judge then labeled the factual basis for the careless driving charge a "trial issue" and told Plaintiff's counsel that he would learn what it is when the officer testifies at trial.

22. Plaintiff's counsel then made another motion to dismiss, arguing that the prosecutor failed to provide any of the requested discovery related to the officer's training that would enable him to visually estimate a vehicle's speed. The prosecutor responded, "I did request any type of material, but I was not provided with anything. So we have nothing to provide."

23. Rather than dismissing the charge for failing to produce discovery, the municipal court judge said, "I'm not convinced that they have to turn that over if it's not a speeding violation. You can cross examine the officer and ask the officer how do you gauge speed? What training officer have you had that allows you to gauge speed. If this is a speeding ticket, you are 110% correct. You would be entitled to all of those documents. But this is not a speeding violation, this is a careless driving."

24. Confronted with going to trial without knowing the facts supporting the careless driving charge and without discovery, and thus no real way to prepare for trial—during which a conviction could result in up to 15 days of incarceration, a fine of

up to $200, and points on his license—Plaintiff accepted a plea offer to a no point offence under N.J.S.A. 39:4-100, "No vehicle or horse shall be driven or ridden across a sidewalk at a rate of speed greater than four miles per hour," and paid a fine of $57 and court costs of $24.

### The Hudson County Sheriff's Office Has a Well-Established Practice of Issuing Careless Driving Tickets Without Providing Due Process Notice of the Factual Basis for the Charge

25. To determine whether this was an isolated incident or routine practice by the Hudson County's Sherriff's Office of issuing careless driving tickets without due process notice of the factual basis for the charge, Plaintiff's counsel submitted an Open Public Records Request to the HCSO on July 10, 2023 requesting, "copies of all traffic tickets issued by the Hudson County Sheriff's Office from January 1, 2023 thru July 1, 2023, for the offense of careless driving, N.J.S.A. 39:4-97."

26. After some back and forth with the records custodian as to the format and ticket fields to be produced, Plaintiff's counsel agreed to the format proposed by the custodian so long as it also included the "notes" field. Plaintiff's counsel explained:

> We are investigating whether or not Hudson County Sheriff's officers are complying with Municipal Court Rule 7:2-1(a) which requires that the "complaint shall be a written statement of the essential facts constituting the offense charged." Toward that goal, we want the notes field or any other field that allows the officer to enter a factual basis for issuing the ticket, not just the offense charged. If those fields are blank, we still need the fields produced as blank.

27. Upon learning that Plaintiff's counsel was investigating the Hudson County's Sherriff's Office and the requested records would be used for that purpose, the custodian ceased all communications with Plaintiff's counsel and produced nothing.

28.     Plaintiff's counsel then filed a denial of access complaint with the Government Records Counsel on September 12, 2023.

29.     As a result of the GRC Complaint, Hudson County produced the requested records on October 17, 2023. Unfortunately, the tickets were produced in a very low resolution and heavily pixelated, making them exceedingly difficult, if not impossible, to read. Plaintiff's counsel requested a better quality production. On February 2, 2024, counsel for Hudson County began producing readable versions of the tickets and completed production on February 7, 2024.

30.     Plaintiff's counsel then issued another Open Public Records Request to the HCSO on February 8, 2024, requesting the remainder of the careless driving tickets issued in the year 2023. Those tickets were produced on February 28, 2024.

31.     The combined records revealed that 329 careless driving tickets were issued by Hudson County Sheriff's Officers in 2023 without due process notice of the factual basis for the charge.

32.     An additional 37 careless driving tickets were issued with only speeding as the basis for the careless driving charge even though speeding alone is not careless driving in New Jersey.

33.     For example, on June 22, 2023, Sgt. R. Fisher, Jr. issued a careless driving ticket and noted only "40 in 25 northbound" in the notes section.

34.     And on June 27, 2023, Sgt. K. Flannelly issued a careless driving ticket and noted only "driver was driving 46 in 25mph" in the notes section.

35.     The records also revealed that Officer Napolitano (who issued Plaintiff his ticket) issued 24 careless driving tickets in 2023. None of those tickets included a factual basis for the charge in the notes section. The notes were blank.

36. In 2023 at least 45 Hudson County Sherriff's Officers issued careless driving tickets without providing due process notice of the factual basis for the charge.

37. In addition to Sgt. Flannelly and Sgt. Fisher Jr., Sgt. Fedrow also issued a careless driving ticket without providing due process notice of the factual basis for the charge. This widespread and well-settled custom and practice is not only conducted by rank and file officers but by superiors as well.

## CLASS ALLEGATIONS

38. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2).

39. The Class is defined as: Everyone who was or will be issued a careless driving complaint-summons by the Hudson County Sheriff's Office without due process notice of the factual basis for the offense charged. The class period begins two years before the date the Complaint is filed and continues as long as complaints-summonses are issued by the Hudson County Sheriff's Office without a due process factual basis for the charge.

40. Plaintiff reserves the right to modify the class definition and the class period based on the results of discovery or otherwise prior to class certification.

41. Defendant has acted on grounds generally applicable to the Plaintiff and the Class, thereby making appropriate, final injunctive relief and declaratory relief.

42. The Class is so numerous that joinder of all members is impracticable. It is estimated that there are hundreds of Class members.

43. The question of whether issuing careless driving tickets without providing notice of the factual basis for the charge constitutes a due process violation is a common factual and legal issue shared by both the Plaintiff and the Class.

44. Plaintiff's claim is typical of the Class's claims because it stems from the same events and conduct underlying the claims of other Class members—namely, whether the Defendant violated the procedural due process rights of the Plaintiff and the Class by failing to provide notice of the factual basis for the careless driving charge.

45. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class.

46. Plaintiff has retained counsel experienced in prosecuting class actions. Plaintiff's counsel originated a nationwide class action against automotive parts retailer Pep Boys for charging consumers more than advertised for oil changes. Lozinak v. The Pep Boys, No. 2:09-CV-05481 (D.N.J. 2009). The litigation resulted in a settlement valued at approximately $1 million where Pep Boys refunded overcharges and agreed to change its marketing practices. Counsel also originated a nationwide class action against lighting manufacturer Sylvania for misrepresenting the performance of its premium automotive headlamps. The litigation resulted in a settlement of $30 million. Chaudhri v. Osram Sylvania, Inc., No. 2:11-cv-05504 (D.N.J. 2011). Counsel also represented a class member/objector in Halley v. Honeywell Int'l, Inc., No. 2:10-cv-3345 (D.N.J. 2010), opposing the diversion of $100,000 of class funds to a community project. The objection benefitted the class and caused the diverted funds to be distributed directly to class members.

## COUNT I
## 42 U.S.C. § 1983

47.     Plaintiff incorporates paragraphs 1-46.

48.     Plaintiff brings this count pursuant to 42 U.S.C. § 1983 on behalf of himself and the Class.

49.     The Hudson County Sheriff's Office is a department or office within Defendant, Hudson County, and is not a separate legal entity.

50.     Defendant violated Plaintiff's and the Class's constitutional right to procedural due process under the Fourteenth Amendment by charging and issuing careless driving tickets (complaints-summonses) to Plaintiff and the Class without providing notice of the factual basis for the charge of careless driving.

51.     To comply with due process requirements, notice must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must set forth the alleged misconduct with particularity.

52.     The mere reference to the careless driving statute in the complaints-summonses issued to Mr. Narain and the Class did not give them adequate due process notice of what they had done to warrant careless driving tickets.

53.     Plaintiff and the Class could be incarcerated for up to 15 days and fined up to $200 pursuant to N.J.S.A. 39:4-104, if convicted of careless driving.

54.     This is the second time Mr. Narain received a careless driving ticket without any constitutional due process notice of the factual basis for the charge.

55.     Defendant continues to issue careless driving tickets without constitutional due process notice of the factual basis for the charge of careless driving.

56. It is a widespread and well-settled custom and practice of the Hudson County Sheriff's Office to issue careless driving tickets without due process notice of the factual basis for the charge. This widespread and well-settled custom and practice is not only conducted by rank and file officers but by superiors as well.

57. Because Plaintiff was denied his constitutional right to due process notice of the factual basis for the charge against him, and could only learn the factual basis at trial while the officer testified against him -- thus having no real opportunity to prepare a defense, he pled to driving over his sidewalk at more than 4 miles per hour as he pulled out of his driveway, a charge he otherwise would not have pled to, and paid a fine and court costs.

## COUNT II
## 28 U.S.C. § 2201
## Declaratory Relief

58. Plaintiff incorporates paragraphs 1-57.

59. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Defendant violated Plaintiff's and the Class's constitutional right to procedural due process under the Fourteenth Amendment by charging Plaintiff and the Class with careless driving under N.J.S.A. 39:4-97 and issuing a complaints-summonses without providing notice of the factual basis for the charge.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, demands judgment against Defendant as follows:

A. For an order certifying the proposed Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representative and his attorney as Class Counsel;

B. For an order declaring Defendant violated Plaintiff's and the Class's constitutional rights to procedural due process under the Fourteenth Amendment by charging Plaintiff and the Class with careless driving under N.J.S.A. 39:4-97 and issuing complaints-summonses without providing due process notice of the factual basis for the charge;

C. For an injunction requiring Defendant to provide a factual basis that complies with procedural due process under the Fourteenth Amendment when it issues careless driving tickets (summonses and complaints) under N.J.S.A. 39:4-97;

D. For an order entering judgment in favor of Plaintiff and the Class against Defendant;

E. For an order awarding damages against Defendant in favor of Plaintiff in an amount to be determined by the Court as fair and just;

F. For an order awarding Plaintiff pre-judgment interest on any damages awarded by the Court; and

G. For an order awarding Plaintiff and the Class reasonable attorney fees and expenses, and costs of suit pursuant to 42 U.S.C. § 1988; and granting such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

## Certification Pursuant to L. Civ. R. 11.2

I certify under penalty of perjury that I am unaware of any other action pending in any court, or of any pending arbitration or administrative proceeding, where the matter in controversy in this case is the subject.

Dated: December 12, 2024      s/ Thomas Paciorkowski
                              Thomas Paciorkowski, Esq.